SEYFARTH SHAW

Seyfarth Shaw LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
(404) 885-1500
fax (404) 892-7056
www.seyfarth.com

Writer's direct phone
(404) 892-0502

Writer's e-mail
jgilstrap@seyfarth.com

WASHINGTON, D.C. SYDNEY SHANGHAI SAN FRANCISCO SACRAMENTO NEW YORK MELBOURNE LOS ANGELES LONDON HOUSTON HONG KONG CHICAGO BOSTON ATLANTA

August 16, 2018

**VIA ECF**

Hon. Pamela K. Chen
United States District Court,
Eastern District of New York
225 Cadman Plaza East, Room No. 631
Brooklyn, New York 11201

Re: *Inez Bethea v. JPMorgan Chase & Co., et al.*, 15-CV-3544 (PKC) (RML)

Dear Judge Chen:

On behalf of Defendants, we oppose Plaintiff's Objections to Magistrate Judge Levy's Order dated July 20, 2018, denying Plaintiff's Motion for Spoliation Sanctions (Dkt. 67). For the reasons discussed below, this Court should deny Plaintiff's objections and affirm Judge Levy's Order.

**A. Judge Levy's Non-Dispositive Ruling Is Entitled To Substantial Deference**

When a Magistrate Judge issues an order on a non-dispositive matter and a party files objections, the District Court reviews the order under the "clearly erroneous or contrary to law" standard of review. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." *Universal Acupuncture Pain Services, P.C. v. State Farm Mut. Auto. Ins. Co.*, 2002 WL 31309232, at *1 (S.D.N.Y. 2002); *see also EEOC v. Mr. Gold, Inc.*, 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (same). A party seeking to overturn a discovery ruling bears a heavy burden, *New York v. Mountain Tobacco Co.*, 953 F. Supp. 2d 385, 390 (E.D.N.Y. 2013), and the Magistrate Judge's "findings should not be rejected merely because the court would have decided the matter differently," *Ahmed v. T.J. Maxx Corp.*, 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015). A decision is not clearly erroneous unless "the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id*. A ruling is not "contrary to law" unless "it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.*; *EEOC v. AZ Metro Distributors, LLC,* 2016 WL 4768796, at *1 (E.D.N.Y. 2016) (same).





**B. Judge Levy's Order Is Not "Clearly Erroneous Or Contrary To Law"**

Judge Levy's Order carefully addresses the issues raised in Plaintiff's Motion and thoroughly explains his sound reasons for rejecting her arguments. In her objections, Plaintiff does not argue, much less prove, that Judge Levy's decision was "clearly erroneous" or "contrary to law." Rather, she rehashes many of the arguments Judge Levy already found unpersuasive. As courts in the Second Circuit have made clear, an objecting party may not simply "reiterate[] arguments raised before-and rejected by" the magistrate judge, without demonstrating how the challenged decision is clearly erroneous or contrary to law. *United States v. USA Remediation Services*, Inc., 2005 WL 1000023, at *2 (W.D.N.Y. 2005); *see also Mestecky v. New York City Dep't of Educ.*, 2016 WL 7217637, at *3 (E.D.N.Y. 2016) (plaintiff failed to show magistrate judge's decision was clearly erroneous or contrary to law where objections "largely reiterate[d]" arguments that had "already been considered and rejected"). Yet, that is exactly what Plaintiff does here.

First, like the arguments in her underlying papers, Plaintiff's objection to Judge Levy's determination that her Motion was untimely relies on her blatant mischaracterization of the discovery deadline. As Judge Levy correctly noted, discovery closed in this matter on March 16, 2018, well before Plaintiff brought her Motion on May 9, 2018. (Dkt. 59). Contrary to Plaintiff's argument (Dkt. 67 at 1), Judge Levy's decision to allow her counsel to review Chase's AnswerKey system (in order to disabuse him of his unfounded suspicion that Defendants had withheld certain pages from their productions of documents) in no way extended the deadline. Nor did it change the fact that Plaintiff had actual notice — more than two years before bringing her Motion — that Chase did not preserve the video surveillance at the Foster Avenue branch from November 2, 2012. Thus, in denying Plaintiff's Motion, Judge Levy correctly concluded that "[n]o new facts ha[d] been discovered since the close of discovery that would justify [Plaintiff's] untimely motion." (Dkt. 66 at 5.) Plaintiff's objections say nothing new on that subject.[1]

Second, relying on the same contrived legal conclusions and "factual" assertions she offered in support of her Motion, Plaintiff objects that "[t]he Court's analysis as to when a party is placed on notice to preserve evidence is not in line with the facts of this case" and claims that she demonstrated" that [D]efendants knew or should have known the evidence should be preserved." (Dkt. 67 at 2-3.) This is not a valid objection, but simply a refusal to accept that Judge Levy's assessment of the facts and ultimate conclusions did not comport with her own theories of this case. As the law in this Circuit makes clear, however, such a disagreement does not render the Magistrate Judge's decision "clearly erroneous" or "contrary to law." *See JMC Rest. Holdings, LLC v. Pevida*, 2017 WL 6417280, at *1 (E.D.N.Y. 2017) (rejecting objections that constituted "mere disagreements with conclusions reached by [the] Magistrate Judge"); *Cardell Fin. Corp. v. Suchodolksi Associates, Inc.*, 896 F. Supp. 2d 320, 326 (S.D.N.Y. 2012) (upholding order where

[1] Relatedly, Plaintiff's contention that the Order fails to address her claim that at the time of the Court-ordered AnswerKey demonstration, "[D]efendants intentionally refused to allow [her] to inspect the information in the dropdown box corresponding to Manny Maysonet's case number 3747978-0 (JPMC001004-1009)" (Dkt. 67 at 1), is of no consequence. Plaintiff's allegation is both untrue (Plaintiff's counsel did, in fact, review Case No. 3747978-0 during the AnswerKey demonstration held on April 20), and does nothing to satisfy her burden of proving Judge Levy's decision was "clearly erroneous" or "contrary to law."





each of plaintiff's objections amounted to disagreement with magistrate judge's assessment of facts); *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 512 (S.D.N.Y. 2009) ("A party's fundamental disagreement with a court's legal analysis and conclusions as to a matter fully considered does not serve as sufficient ground to warrant reconsideration of the court's decision.").

Third, although Judge Levy could have denied Plaintiff's Motion on the basis of untimeliness alone, he thoroughly considered each of Plaintiff's contentions, as well as some not raised, and issued a well-reasoned decision finding that Plaintiff (1) failed to show that her complaint to Human Resources put Chase on notice that litigation was impending sufficient to trigger a duty to preserve the video surveillance; (2) relied on pure speculation to support her claim that Defendants destroyed the video surveillance with a culpable state of mind; and (3) failed to show that the video surveillance was discoverable. While Plaintiff may disagree with those conclusions, she does not identify a single factual finding unsupported by the record, and thus has failed to meet the stringent standard of Rule 72(a).

Fourth, Plaintiff overlooks that it is within a court's discretion to decide whether to impose sanctions for spoliation of evidence. *See Perez v. Metro Dairy Corp.*, 2015 WL 1535296, at *2 (E.D.N.Y. 2015) ("The determination of an appropriate sanction for spoliation, if any, is confined to the sound discretion of the trial judge and is assessed on a case-by-case basis.") (quoting *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001)); *Gutman v. Klein*, 2010 WL 4916722, at *8 (E.D.N.Y. 2010) (same), *aff'd*, 515 F. App'x 8 (2d Cir. 2013). Thus, even if Plaintiff could prove that spoliation occurred, her insistence on sanctions is misguided. She offers Your Honor no basis to conclude that Judge Levy acted beyond his broad discretion in finding that sanctions were not warranted.

**C. Conclusion**

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's objections to Magistrate Judge Levy's July 20, 2018 Order and affirm its rulings in its entirety.

Respectfully submitted,

SEYFARTH SHAW LLP

Jade M. Gilstrap

Jade M. Gilstrap

cc: All counsel of record (via ECF)